# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
Southern Division

EDDIE MURPHY, #306651

Plaintiff,

v      Case No.: GJH-16-3077

NICOLAS SOLTAS, CO II,
CO II CRAIG SAUTER,
LT. BRADLEY WILT,
CO II JASON FRANTZ,
CO II CHRISTOPHER ORTT,
CO II RONALD SAVILLE,
JOHN PORTMESS,
SGT. WILLIAM GILLUM,
SGT. WALTER ISER,
R.N. KRISSI CORTEZ,
GREG FLURY, P.A.

Defendants.

## MEMORANDUM OPINION

On September 2, 2016, *pro se* Plaintiff Eddie Murphy, then an inmate at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a Complaint against a number of NBCI employees, alleging violations of 42 U.S.C. §1983. ECF No. 1. Specifically, Murphy alleges that Defendants Greg Flury, P.A., and Kristi Cortez, R.N., (collectively the "Medical Defendants") provided him with inadequate medical treatment for exposure to pepper spray. *Id.* at 3.[1] The Complaint also includes claims of excessive force and failure to protect raised against correctional staff Jason Frantz, William Gillum, Walter Iser, Christopher Ortt, John Portmess, Craig Sauter, Ronald Saville, Nicholas Soltas, and Bradley Wilt (collectively the "State Defendants"). *Id.* at 7. On August 8, 2017, Murphy requested a sixty-day extension of time to

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

respond to the State Defendants' Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment, ECF No. 48, which shall be granted. Thus, Murphy's claims against the State Defendants are not ready for adjudication and will be considered at a later time.

On February 10, 2017, the Medical Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Motion for Attorney's Fees and Costs. ECF No. 20. Murphy filed a Response in opposition on March 13, 2017, which he supplemented a week later on March 20, 2017. ECF No. 29; ECF No. 30. On March 23, 2017, the Medical Defendants filed a Reply. ECF No. 31.

Murphy's claims against the Medical Defendants are ready for disposition. No hearing is required. *See* Local Rule 105.6. For reasons set forth below, the Court grants the Medical Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 20. The Medical Defendants' Motion for Attorney's Fees and Costs is denied without prejudice to the motion being re-filed after the disposition of the State Defendants' claims..

I.  BACKGROUND

A.  Procedural History

On October 9, 2013, Murphy, who was then incarcerated at North Branch Correctional Institution in Cumberland, Maryland,[2] filed a complaint in a separate suit alleging the same violations as in the present case. *Murphy v. Lt. Bradley Wilt, et. al.*, Civil Action No. WDQ-13-2975 (D. Md. 2014). In that case, Defendant Kristi Cortez filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on February 4, 2014. *Id.* ECF No. 13. Greg Flury was not a defendant in the earlier case. On March 21, 2014, before the Court ruled on Cortez's Motion, Murphy moved to withdraw the Complaint without prejudice because he wanted to

---

[2] Murphy was released from prison on July 31, 2017. ECF No. 48.

2

pursue his claims after his release from incarceration. *Id.* ECF No. 21. On March 24, 2014, the Court issued an Order granting Murphy leave to withdraw the Complaint without prejudice, and cautioned him that if he were to commence another action based upon or including the same claim against Cortez, he could be required to pay the costs of the dismissed action in accordance with Fed. R. Civ. P. 41(d). *Murphy v. Wilt, et al.,* Civil Action No. WDQ-13-2977, ECF No. 22.

On September 2, 2016, Murphy filed this Complaint, alleging that the Medical Defendants violated his rights under the Eighth Amendment by providing inadequate treatment to him after he was exposed to pepper spray on September 25, 2013. ECF No. 1.

### B. Murphy's Allegations

In the instant Complaint, Murphy claims that after correctional officers pepper sprayed him on September 25, 2013, he was escorted to the medical unit where Greg Flury, a physician's assistant, checked his vital signs. ECF No. 1 at 3, ¶ 5. Murphy alleges that although he was obviously suffering pain and burning, with discharge of tears from the pepper spray, Flury failed to flush his eyes. *Id.* Murphy acknowledges that Flury gave him ibuprofen for pain relief. *Id.* Murphy alleges that Flury should have "communicated with Lt. Wilt that [Murphy]" should "receive a proper decontamination shower." *Id.* at 3, ¶ 5.

Murphy acknowledges that after he left the medical unit, correctional officers in fact gave him a shower. *Id.* ¶ 6. Murphy maintains the shower was "for about two seconds" and did not relieve the effects of the pepper spray. *Id.* Murphy claims that he told Lt. Wilt that the shower was inadequate, but Wilt refused to allow him a longer decontamination shower. *Id.*[3]

Murphy was then placed in an isolation, or "strip," cell for seven days. *Id.* at 4, ¶ 9. Murphy complained of pain to Nurse Krissi Cortez when she conducted medical rounds on the

---

[3] Murphy's claims against Lt. Bradley Wilt are not ripe for disposition. *See supra* pp. 1-2.

3

segregation housing unit, but he claims "nothing was done." *Id.* at ¶ 7.[4] As relief, he seeks compensatory and punitive damages in the amount of $500,000 against each defendant, jointly and severally. *Id.* at 8.

### C. Medical Defendants' Response

Attached to their Motion to Dismiss, the Medical Defendants provided verified copies of Murphy's medical records[5] and affidavits executed by Defendant Kristi Cortez[6] and Robustiano Barrera, M.D., Regional Medical Director of NBCI. ECF No. 20-6; ECF No. 20-7; ECF No. 22.

According to Murphy's medical records, on September 25, 2013, Murphy was seen by Flury for exposure to pepper spray, and reported a burning sensation from the pepper spray. ECF No. 22 at 9–11. Flury observed that Murphy's eyes were tearing, a common side effect of pepper spray, but he was otherwise not in distress. *Id.*; ECF No. 20-6 ¶ 9. Flury observed Murphy had no nasal deformity and that his mucous membranes, tongue and throat were normal. Murphy's lungs were clear and his respiration was normal. He had a regular heartbeat, no skin lesions were observed, and his extremities were normal. *Id.* Flury gave Murphy Ibuprofen. Murphy raised no complaints of scalp pain, discomfort, peeling, or bleeding. *Id.*

Pepper spray is derived from hot cayenne peppers and is designed to be an inflammatory irritant when in contact with the skin, eyes, nasal passages and mouth. *Id.* ¶ 18. Generally, no lasting physical damage occurs when someone receives a dose of pepper spray and symptoms begin to remedy themselves in about fifteen to forty-five minutes. *Id.* According to Dr. Barrera, a medical evaluation after pepper spray exposure is common in a correctional setting. *Id.* For a small number of individuals, pepper spray can trigger respiratory distress or respiratory failure;

---

[4] In the Complaint filed in Civil Action No WDQ-13-2975, Murphy also alleged that he complained to Nurse Cortez that his scalp was peeling and bleeding due to the pepper spray. *Id.* ECF No. 1 at 3, ¶ 8.
[5] Murphy's health records are under seal. ECF No. 22.
[6] The Cortez declaration is identical to the one she filed in *Murphy v. Lt. Bradley Wilt, et. al.*, Civil Action No. WDQ-13-2975. ECF No. 13-5.

4

to prevent this, medical staff perform a respiratory assessment after an inmate is administered pepper spray. *Id.* ¶ 18. Typically, removing the clothing that has come in contact with the pepper spray and rinsing the body with water provides adequate decontamination. It is the practice and custom that once an inmate has been medically cleared following pepper spray exposure, the inmate is provided the opportunity to shower. *Id.* ¶ 19.

The Medical Defendants state there is no record that Murphy was seen by Cortez on September 25, 2013, or that he submitted any sick call slips related to pepper spray exposure during the relevant time frame. *Id.* ¶ 17; *see also* ECF No. 20-7 ¶ 11. Cortez states that she examined Murphy on September 11, 2013, and October 2, 2013. ECF No. 20-7 ¶¶ 5, 7. Murphy did not complain of scalp pain, discomfort, peeling or bleeding during either visit. ECF No. 20-7 ¶¶ 9–10.

## II. STANDARD OF REVIEW

The Medical Defendants' motion is styled as a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 20 at 1. If the Court considers materials outside the pleadings, as the Court does here, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*; see *also Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Furthermore, the Court may grant a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322-23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Murphy was provided notice of the Medical Defendants' filing of exhibits and affidavits to support the Motion for Summary Judgment, and submitted a copy of the "Inmate Orientation Guide" as an exhibit to his Opposition. ECF No. 29-2.

## III. DISCUSSION

In order to state an Eighth Amendment constitutional claim for denial of medical care, a prisoner must demonstrate that the defendant's acts or omissions amounted to "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted) *overruled on other grounds*. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). An Eighth Amendment violation only occurs where there is objective evidence of a "serious medical and emotional deterioration." *Strickler v. Waters*, 989 F.2d 1375, 1379–80 (4th Cir. 1993). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not amount to a constitutional violation. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Prison officials who are charged with deliberate indifference to a serious medical need must "know of and disregard the objectively serious condition, medical need, or risk of harm." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Murphy acknowledges that he was medically assessed by Flury on September 25, 2013, for pepper spray exposure. ECF No. 1 at 3, ¶ 5. Murphy also indicates that after leaving the medical unit, he was able to remove the clothing he was wearing when he was pepper sprayed.

7

*Id.* ¶ 6. After he was medically cleared, he was provided a shower by correctional officers. *Id.* ¶ 6.

Viewing the facts in the light must favorable to Murphy, there is no evidence that the Medical Defendants acted with deliberate indifference to his serious medical needs. Murphy, by his own account, was examined by Flury, provided medication for pain relief, and medically cleared after exposure to pepper spray. Murphy was then returned to the custody of correctional officers and received a shower. There is no evidence that Murphy was seen by Cortez or submitted any sick call clips regarding pain arising from his September 25, 2013, exposure during the relevant time period. Lastly, to the extent Murphy may disagree with Flury's medical assessment, his claims, even if true, are insufficient to amount to a constitutional claim of inadequate medical care. *See Jackson v. Lightsey,* 775 F.3d 170, 178 (4th Cir. 2014) (reasoning that allegations, which may support a medical malpractice claim, which amount to a disagreement with the doctor do not support a deliberate indifference claim); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). In the absence of a genuine dispute as to any material fact, the Medical Defendants are entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For these reasons, the Court grants the Medical Defendants' Motion for Summary Judgment. ECF No. 20. The Court denies Medical Defendants' Motion for Attorney's Fees and Costs, ECF No. 20, without prejudice to the motion being re-filed upon disposition of the State Defendants' claims. Murphy's request for a sixty-day extension to respond to the State Defendants' Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment is granted. A separate Order follows this Memorandum Opinion.

Dated: September 8, 2017

/s/
_____
GEORGE J. HAZEL
United States District Judge