**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| EDDIE MURPHY, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-16-3077 |
| NICHOLAS SOLTAS, et al., | * |
| Defendants. | * |

**MEMORANDUM OPINION**

On March 13, 2017, *pro se* Plaintiff Eddie Murphy, then an inmate at North Branch Correctional Institution, filed this action against various correctional and medical defendants, including Kristi Cortez, R.N. and Greg Flury, P.A., alleging deliberate indifference to his medical needs in the aftermath of a pepper spray exposure. ECF No. 1. This action follows Murphy's voluntary dismissal of a similar action against Cortez filed in 2013. *See Murphy v. Wilt*, No. 13-cv-2975 (D. Md. filed Oct. 9, 2013). Defendants Cortez and Flury have moved for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 41(d). ECF No. 54. No hearing is necessary. *See* Loc. R. 105.6. (D. Md. 2016). Defendants' Motion is denied.

**I.  BACKGROUND**

On October 9, 2013, Plaintiff Eddie Murphy, then incarcerated at North Branch Correctional Institution, filed a lawsuit against Defendant Cortez, alleging deliberate indifference to his medical needs in the aftermath of a pepper spray exposure on September 25, 2013. *See Murphy v. Wilt*, No. 13-cv-2975 (D. Md. filed Oct. 9, 2013). In that case, Cortez filed a Motion to Dismiss, ECF No. 13, to which Plaintiff filed a response, ECF No. 20. However, just eight

1

days later, Plaintiff moved to withdraw his complaint. ECF No. 21. In its order dismissing the Complaint, the Court warned that if Plaintiff commenced an action based upon or including the same claim against Defendant Cortez, it "may" order payment of the costs of the previously dismissed action pursuant to Fed. R. Civ. P. 41(d). ECF No. 22.

On September 2, 2016, Plaintiff filed this lawsuit, in which Cortez was again named as a defendant, alongside Flury and various other correctional officers; Plaintiff once more alleged deliberate indifference to his medical needs in the aftermath of the pepper spray exposure on September 25, 2013. ECF No. 1 ¶ 7. Defendants Cortez and Flury filed a Motion to Dismiss and a Motion for Attorneys' Fees and Costs, ECF No. 20. The Court granted the Motion to Dismiss, but denied the Motion for Attorneys' Fees pending the disposition of the remaining claims. ECF No. 50. The Court granted the remaining Defendants' Motion for Summary Judgment, ECF No. 52, and Defendants Cortez and Flury have renewed their Motion for Attorneys' Fees and Costs, ECF No. 54.

## II. DISCUSSION

Rule 41(d) of the Federal Rules of Civil Procedure states that:

[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

    (1) may order the plaintiff to pay all or part of the *costs* of that previous action; and
    (2) may stay the proceedings until the plaintiff has complied

(emphasis added).

Here, Defendants seek attorneys' fees, as well as costs. Although not explicit from the text of the Rule, a court may also award attorneys' fees from a prior action under Rule 41(d) when either (1.) the underlying statute at issue provides for attorneys' fees, or (2.) the court finds "that the plaintiff has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"

*Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 311 (4th Cir. 2016) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 28-59 (1975)). "The decision whether and in what amount to award attorney fees is one committed to the award court's discretion." *United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 350-51 (4th Cir. 1989). This exception to the American Rule, in which each party remains responsible for its own attorneys' fees, requires "extraordinary circumstances." *Hensley v. Alcon Labs.*, 277 F.3d 535, 543 (4th Cir. 2002).

Defendants do not suggest that the underlying statute provides for a victorious defendant to be awarded attorneys' fees. Instead, Defendants contend that, while incarcerated, Plaintiff acted in a generally manipulative manner and often threatened staff at the correctional facility with litigation. *See* ECF No. 20-3 at 3-8.[1] Defendants primarily rely on the Court's prior warning that the Court "*may*" order the payment of costs of the previously dismissed action. ECF No. 20-4 at 1 (emphasis added). But Defendants have not made a showing that Plaintiff acted in bad faith, vexatiously, wantonly, for oppressive reasons, or of any other "extraordinary" circumstances that would warrant imposition of attorneys' fees. Nor have Defendants explained how the interests of justice would be served by requiring a formerly incarcerated, *pro se* plaintiff to reimburse defense counsel for their costs incurred in securing the dismissal of this action. Therefore, the Court will not award attorneys' fees or costs in this action.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## III.    CONCLUSION

Defendants' Renewed Motion for Attorneys' Fees and Costs, ECF No. 54, is denied. A separate Order shall issue.

Date: <u>March   28, 2019</u>                                  /s/_____
                                                                                  GEORGE J. HAZEL
                                                                                  United States District Judge